The State Bank of Indiana v. Harrow *et al.*

1. Judicial sale: DEFECTIVE TITLE: CORRECTION OF CREDIT. An application to correct a credit on a judgment arising from a bid at execution sale of a tract of land to which the judgment debtor had no title, and to cancel the same, will not be granted where it is not shown from the evidence what the land sold for, nor whether it was sold separately or together with other tracts sold at the same time under the judgment, nor what the relative value of these tracts was at the date of sale.

2. Fraudulent conveyance: VOID AS AGAINST CREDITORS. Where a father conveys or causes to be conveyed to his son certain lands for the purpose of defrauding the creditors of the former, the lands so conveyed may be subjected to the payment of such creditors' claims.

*Appeal from Wapello District Court.*

FRIDAY, JANUARY 29.

ACTION in chancery commenced July 17, 1861. The petition sets out that the State Bank of Indiana, on the 14th day of February, 1850, recovered in the District Court of Wapello county, a judgment against Charles F. Harrow, for the sum of $2,519.25, upon an indebtedness contracted in 1840. That said defendant, in said judgment, prior to its recovery and subsequent to the time the indebtedness accrued, purchased with his own means certain lands in Wapello county, and for the purpose of defrauding his creditors caused them to be conveyed to his son, Francis M. Harrow; that the following, among other lands, were so purchased, viz. : The E. ½ of N. W. ¼, the S. W. ¼ of N. W. ¼ and the W. ½ of S. W., all in section 24; lots 6 and 7, section 23 ; lots 4 and 5 in section 25, and lot 4 in section 26, all in T. 72, N. R., 14 W.; that on the 13th of November, 1851, there was sold on an execution issued upon the judgment, certain lands, among them the S. E. ¼ of S. W. ¼, section 24, T. 72, N. R. 14 W. for $2,000, of which sum, after the payment of costs, $1,947.81, were credited upon said judgment; that said lands were sold in parcels to Hall and Wilson, who are parties herein, and that the said S. E. ¼ of S. W. ¼, section 24, was struck off and sold for the sum of $400; that said Charles F. and Francis M. Harrow, or either of them, had no title or interest in and to said tract last described, and none passed by the sale; that Hall and Wilson claimed from the bank the amount they paid for said land at said sale, and the bank offers to refund the same.

Charles F. and Francis M. Harrow, both departed this life before the commencement of this suit, and their legal representatives and heirs are made parties herein. This suit is prosecuted with the consent of the County Court.

The relief asked is, that the credit upon the judgment be corrected by deducting therefrom the amount of $400, being the sum for which said S. E. ¼ of S. W. ¼ of section 24 was sold in execution; that the amount due on said judgment be ascertained and that the administrator of Charles F. Harrow, deceased, be authorized and required to sell so much of the lands, first above enumerated, as may be necessary to pay the balance due on the judgment.

The material facts upon which the decision of the case turns are denied in the answer of the heirs and legal representatives of Francis M. Harrow, deceased. The District Court found the equities in favor of plaintiffs, and a decree was rendered in accordance with the prayer of the bill. Defendants appeal.

*Edward H. Stiles* and *M. J. Williams* for the appellants.

*Hendershott & Burton* for the appellees.

BECK, J. — I. We find no evidence in the record which will authorize us to correct the credit upon the judgment

1. JUDICIAL SALE: defective title: correction of credit.

on account of the sale of the tract of land to which defendants' ancestors and decedents had no title; it is utterly silent as to the price for which that tract was sold upon the execution, and whether the lands sold thereon were so sold in separate tracts, and what was the relative value of these tracts at the date of the sale. Should we hold that the plaintiffs are entitled to the correction of the credit, as claimed by them, we are of the opinion that it is utterly impossible upon this record to allow it, because there is no evidence upon

State Bank of Indiana v. Harrow.

which it can be ascertained to what extent the credit should be allowed. It is unnecessary therefore to discuss the question whether the credit can or cannot be allowed, upon proper evidence.

II. All the lands described in the petition as the property of Charles F. Harrow, and which are sought to be subjected to the claim of plaintiff, except one tract, viz.: the S. $\frac{1}{2}$ of the E. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of section 24, were conveyed by one Lyon to Francis M. Harrow, in the years 1849 and 1850. This was after Francis M., became of age. He is shown by the evidence to have been an industrious and prosperous young man, who made money in his business, and that he borrowed money for the purpose of paying for these lands, and repaid the sums so borrowed himself. These facts, with others equally strong, convince us that these lands were bought and paid for by him and were in good faith his property, and therefore not subject to the payment of the debts of his father. A full discussion of the evidence and a statement of the facts and reasons upon which we base our conclusions would require time and space in this opinion which cannot with profit be given thereto. We forebear, therefore, farther to notice this branch of the case.

III. We are of the opinion that the land described in the petition not conveyed by Lyon to Francis M. Harrow, 2. FRAUDULENT viz.: the S. $\frac{1}{2}$ of the E. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ section CONVEYANCE: void as against 24, was purchased with the means of Charles creditors. F. Harrow and conveyed to his son for the purpose of defrauding his creditors, and is therefore subject to the debts of said Charles F. Harrow. We refrain, for the reasons above given, from entering into a discussion of the evidence and a statement of the reasons which draw us to this conclusion.

The decree of the District Court is reversed and the cause remanded with directions that a decree be entered

subjecting only the above tract of land, viz.: S. ½ of the E. ½ of N. W. ¼, section 24, to the payment of the judgment of plaintiffs, and that such decree conform to this opinion, in permitting the credit to remain undisturbed. In ascertaining the amount due on the judgment, the court will allow the credit as it appears upon the judgment docket, to the amount of $1,947.81.

Reversed.